

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-24-2007

# Gomez v. US Parole Comm

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4581

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Gomez v. US Parole Comm" (2007). *2007 Decisions.* Paper 543.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/543

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-4581
_____

CARLOS GOMEZ,

Appellant

v.

U.S. PAROLE COMMISSION;
JOHN NASH, WARDEN F.C.I. FORT DIX NJ
_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 05-cv-03829)
District Judge: Honorable Robert B. Kugler
_____

Submitted Under Third Circuit LAR 34.1(a)
August 14, 2007

BEFORE: SLOVITER, McKEE and AMBRO, <u>Circuit Judges</u>

(Filed: August 24, 2007)

_____

OPINION
_____

PER CURIAM

    Carlos Gomez appeals from the District Court's order denying his petition for a

writ of habeas corpus under 28 U.S.C. § 2241.  For the reasons that follow, we will

affirm.

Gomez is a federal prisoner currently serving multiple sentences at F.C.I. Fort Dix. In January 1987, he was sentenced by the United States District Court for the Eastern District of New York to a 15-year term of imprisonment for a conviction on charges of conspiracy and possession with intent to distribute more than 1 kilogram of cocaine in violation of 21 U.S.C. § 846.

In 1988, Gomez was sentenced to a consecutive 16-year term of imprisonment by the District Court for the Middle District of North Carolina for his conviction on charges of conspiring to unlawfully manufacture, and possess with intent to distribute, approximately 204 kilograms of cocaine, and the unlawful manufacture of more than 200 kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. The date for the commission of these crimes was given in the indictment as June 27, 1984.

In 1989, Gomez was sentenced in the Northern District of New York for crimes he had committed in 1984 and 1985. He received a 10-year consecutive non-paroleable sentence for his conviction on charges of engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848, a 10-year consecutive sentence for possession with intent to manufacture one kilogram of cocaine, aiding and abetting, and possession with intent to distribute one kilogram of cocaine, in violation of 21 U.S.C. § 841(a)(1), 18 U.S.C. § 2, and a 10-year concurrent sentence for abandonment of hazardous waste in violation of 42 U.S.C. § 6928(d)(2).

The Bureau of Prisons ("BOP") aggregated Gomez's paroleable sentences to a 41-

2

year sentence pursuant to 18 U.S.C. § 4161. The BOP's sentence computation indicated that Gomez was eligible for parole on May 31, 2002.[1]

Notwithstanding the BOP's sentence calculation, Gomez became eligible for parole in 1996. See 18 U.S.C. § 4205(a)(repealed). The Commission held Gomez's initial parole hearing in April 1996, and rated the severity of Gomez's offense as Category Eight, which yielded a guideline range of 100+ months of incarceration. See 28 C.F.R. § 2.20. The Commission denied parole and, pursuant to 28 C.F.R. § 2.12(b), ordered that Gomez serve 15 years before a reconsideration hearing in 2011. Gomez did not administratively appeal the Commission's decision. In the interim, the BOP has recalculated his sentence and his mandatory release date under 18 U.S.C. § 4164 is now computed to be July 8, 2010, before his presumptive parole date.

After his most recent statutory interim parole hearing, where the Commission ordered no change in his status, Gomez filed this habeas corpus petition in the United States District Court for the District of New Jersey. In the petition, he claimed that the Commission had violated the Ex Post Facto Clause by denying him parole until after the May 2002 date indicated on his initial sentence computation. The District Court denied the petition and Gomez appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of a District

---

[1] Gomez appears confused as to the significance of this computation. Despite being labeled "Parole Eligibility Date," he refers to it repeatedly as a "firm parole date,"(see e.g. Mem. in Support of Hab. Pet. at 5), which it is not. The calculation also included a remark that "PAR[OLE] ELIG[IBILITY] . . . SUBJECT TO CHANGE." (Id. Ex.A.)

Court's decision to dismiss a § 2241 petition is plenary. <u>See</u> <u>Cradle v. U.S. ex rel. Miner</u>, 290 F.3d 536, 538 (3d Cir. 2002).

The Ex Post Facto Clause prohibits laws that "retroactively alter the definition of crimes or increase the punishment for criminal acts." <u>California Dep't. of Corrections v. Morales</u>, 514 U.S. 499, 504 (1995). Gomez, relying on <u>Lyons v. Mendez</u>, 303 F.3d 285 (3d Cir. 2002), argues that the Commission violated the Ex Post Facto Clause by retroactively applying 18 U.S.C. § 4206(c) to deny him release on parole.

In 1987, the current version § 4206(c) repealed § 235(b)(3) of the Sentencing Reform Act of 1984, which mandated that the Commission set a parole date within a prisoner's guideline range. <u>Id.</u> at 288. Section 4206(c) gives the Commission the ability to extend a prisoner's incarceration beyond his guideline range for good cause. Gomez argues that, because he committed his offenses after the effective date of § 235(b)(3), but before its replacement in 1987 with § 4206(c), the Commission's extension of his incarceration beyond his guideline range was an impermissible retroactive application of the law.

However, Gomez is mistaken: the Commission did not extend his incarceration beyond his guideline range. The severity of Gomez's offense led him to be classified as a Category Eight offender, yielding a guideline range of 100+ months of incarceration. His guideline range, therefore, has no upper bound. As a matter of logic the Commission did not extend that range, and, thus, did not rely on § 4206(c) to postpone his parole date. <u>See</u> <u>Madonna v. United States Parole Commission</u>, 900 F.2d 24, 26 (3d Cir. 1990).

4

Because there was no retroactive application of the law, there was no Ex Post Facto violation.  <u>See</u> <u>id.</u>  Accordingly, we will affirm the District Court.